ALFRED BOLTON v. THE STATE.

No. 20838. Delivered February 21, 1940.

The opinion states the case.

*James F. DeLoney,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction for violating the Local Option Law in which a fine of $100.00 was imposed by the County Court of Nacogdoches County.

The appellant is a negro, and was engaged in running a cafe and dance hall near the town of Garrison. Three officers invaded the premises one night about 8:30 o'clock while a dance was in progress and presumably a number of guests were present. The officers testified that before searching the premises they asked permission of the appellant to do so and that he consented thereto. The search yielded four pints of corn liquor and four pints of wine hidden in and about the premises. Five pints were under a sign board some eighteen or twenty steps from the building in a northwesterly direction, and the rest was in a draw behind the building, but the distances from it is not indicated. The officers also stated that there was a "little whisky in a jug" which was locked up in a back room.

Appellant testified that the room where the jug with some whisky in it was found was rented by the week to a girl who occupied it with another negro girl and that he personally knew nothing of the whisky in the jug. Other jugs were found in the room which the appellant testified were water jugs. There is no evidence that these jugs contained whisky or that they ever had.

We find nothing in the evidence connecting the appellant with the five pints of whisky found "eighteen or twenty steps" northwest of the building. Neither is there any indication that

he knew or had any connection with that which was found in the ditch behind the premises. The amount of whisky in the jug found in the house is not indicated. There is no evidence that any sale had been made by the appellant or by any one with his knowledge. On the state of the facts of the case the evidence is wholly insufficient upon which to base a conviction.

The case is reversed and remanded.